IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NAKITA L. GILYARD, | : |
| Plaintiff, | : |
| VS. | : NO. 5:14-CV-00185-MTT-MSH |
| GREGORY MCLAUGHLIN, et al., | : |
| Defendants. | : PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER & RECOMMENDATION

Plaintiff **NAKITA L. GILYARD**, a prisoner currently confined at Macon State Prison in Oglethorpe, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. The undersigned has now conducted a preliminary review of Plaintiff's Complaint (ECF No. 1), First Amended Complaint (ECF No. 8), and Second Amended Complaint (ECF No. 9)[1] and will allow Plaintiff's due process and retaliation claims against Defendants Bostick and Bobbitt to go forward. It is **RECOMMENDED**, however, that all other claims and parties, as discussed herein, be **DISMISSED**, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

Although Plaintiff was previously granted leave to proceed *in forma pauperis*,

---

1   Plaintiff filed two motions for leave to amend (ECF No. 8 & 9). Because there has been no service in this case, Plaintiff may amend his Complaint once as a matter of course. *See* Fed. R. Civ. P. 15(a). At this early stage, leave to amend should also be freely given. Plaintiff's motions are thus **GRANTED**, and his Complaint is deemed amended as reflected in these pleadings. Consequently, Plaintiff has now taken advantage of his right to amend his complaint **once** as a matter of course, *see* Fed. R. Civ. P. 15(a), and further amendments will not be allowed absent special circumstances and leave of the Court.

1

Plaintiff is still obligated to pay the entire $350.00 filing fee using the payment-plan described 28 U.S.C. § 1915(b) and as ordered herein. The Clerk of Court is thus **DIRECTED** to send a copy of this Order to the warden and/or business manager of facility in which Plaintiff is currently confined.

## STANDARD OF REVIEW

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Pro se pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a *pro se* prisoner's pleading is still subject to dismissal prior to service if the district court finds that the complaint –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In other words, to state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id*. at 555; *see also, Marsh v. Butler County, Ala*., 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something

more than an ingenious academic exercise in the conceivable."). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive preliminary review, a complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See Twombly*, 550 U.S. at 555-556.

## ANALYSIS OF CLAIMS

This action arises out of Plaintiff's confinement at Macon State Prison. The Complaint alleges that Plaintiff has been classified as a "threat to the safe and secure operation of the facility" and assigned to the prison's "Tier II" program. Prisoners confined in Tier II have less privileges and freedom than prisoners with other classifications. They are housed in administrative segregation and apparently deprived of their personal property and instead provided with only one "state-issued" soap, toothbrush, toothpaste, deodorant, jumpsuit, and pair of "crocs." Prisoners assigned to Tier II are also denied access to the commissary, are unable to receive packages, are allowed only one phone call per month, and are allowed no contact visitation.

In his Complaint, Plaintiff alleges that he was transferred to "lockdown" and/or placed on Tier II because of his past disciplinary infractions (and possibly his gang affiliation) even though that he had already been punished for his prior offenses. The Complaint alleges that he was not permitted to present evidence or rebut the allegations against him in either the initial segregation hearing or subsequent ninety-day review in

violation of his right to due process. Plaintiff also alleges that the conditions of his confinement are cruel and unusual in violation of the Eighth Amendment. He alleges that he has been denied recreation outside his cell for "days and weeks at a time," denied access to sufficiently warm clothing, provided an insufficient amount of food, and housed with inadequate ventilation and no functioning emergency button. Plaintiff further claims that he has been denied mental health care for "depression" caused by his current confinement.

Plaintiff has thus now brought this action against Warden Gregory McLaughlin, Deputy Warden Don Blakely, Unit Manager Teresa Bobbitt, Counselor Stephen Bostick, and Deputy Warden Mistie Jones, for denial of due process, cruel and unusual conditions of confinement, denial of adequate medical care, retaliation, and violations of his rights to access the courts, equal protection, and against double jeopardy.

A. <u>Due Process Claims</u>

Plaintiff first claims that Defendants violated his right to due process when they assigned him the Tier II classification, deprived him of his personal property, and housed him in administrative segregation without notice or opportunity to present evidence and rebut the disciplinary charges used to justify the disciplinary confinement.

*1. Classification*

In the Complaint, Plaintiff alleges that he was placed in the Tier II program because he has been classified as a "threat to the safe a secure operation of the facility" and was not provided an opportunity to submit evidence and rebut Defendants' calculation of his prior offenses or other reasons for his classification. Plaintiff, however, "has no constitutionally protected liberty interest in being classified at a certain security level."

*Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008). He was thus not entitled to any notice or hearing prior to a change in his security classification. *Id. C.f. Edwards v. Gilbert*, 867 F.2d 1271, (11th Cir. 1989) (no due process right to an administrative hearing "prior to" defendants' action).

### 2. *Deprivation of Property*

Plaintiff next argues that he was deprived of all of his personal property in violation of due process. Even if true, however, Plaintiff's allegations also do not describe any constitutional violation. The Due Process Clause of the Fourteenth Amendment is not offended when a government official deprives an individual of his personal property so long as the State makes available a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The State of Georgia provides Plaintiff an adequate post-deprivation remedy for the loss of his property. *See* O.C.G.A. §§ 51-10-1 through 51-10-6. *See also, Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (finding no due process violation because Georgia "has provided an adequate post deprivation remedy" in O.C.G.A. § 51-10-1); *Byrd v. Stewart*, 811 F.2d 554, n. 1 (11th Cir. 1987). Thus, even if Plaintiff's allegations are true, Defendants' seizure and retention his personal property did not violate his rights under the Due Process Clause.

### 3. *Confinement in Long-term Administrative Segregation*

Plaintiff finally claims his due process rights were violated because he was transferred to administrative segregation without notice or an opportunity to present evidence in his defense at either the initial hearing conducted by Defendant Bostick or the subsequent ninety-day segregation review conducted by Defendants Bostick and Bobbitt.

5

The Due Process Clause "does not directly protect an inmate from changes in the conditions of his confinement" or create a constitutionally-protected interest "in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters." *Chandler v. Baird*, 926 F.2d 1057, 1060 (11th Cir.1991) (quoting *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983)).  Therefore, to state a due process claim, a prisoner must allege more than that he was merely transferred to segregation without a hearing.  *See Sandin v. Conner*, 515 U.S. 472, 476, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  The prisoner must also show that the nature of his confinement (i.e., the conditions or duration) gives rise to a protected liberty interest and thus otherwise entitles him to some measure of due process.  *Id.*

Generally, "[w]hen an inmate is placed in conditions more restrictive than those in the general prison population, whether through protective segregation . . . or discretionary administrative segregation, his liberty is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." *Earl v. Racine Cnty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013).  A relatively short term of segregation will rarely give rise to a prisoner's liberty interest in the absence of exceptionally harsh conditions. *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). *Compare, Sandin*, 515 U.S. at 476 (placement in segregation for term of thirty days did not give rise to a protected liberty interest), with *Wallace v. Hamrick*, 229 F. App'x 827, 830–31 (11th Cir. 2007) (placement in administrative segregation for 28 days without hot water and adequate ventilation while awaiting disciplinary hearing supported due process claim).

6

In this case, according to the dates provided in the Complaint, Plaintiff had been housed in administrative segregation for only six months when this action was filed. Courts have found that "the sanction of six months of disciplinary confinement is in the range of conditions that do not violate a protected interest . . . ." *Wilson v. Unknown Budgeon*, 248 F. App'x 348, 351 (3rd Cir. 2007); *but see, Marion v. Columbia Correction Inst.*, 559 F.3d 693, 698 (7th Cir. 2009) (segregation for six months may implicate a due process liberty interest). Many of the deprivations described by Plaintiff are also not atypical of those discomforts normally associated with prison life – ie., the loss of all personal property, restriction of possessions to the most basic "state-issued" necessities for hygiene and clothing, and denial of access to the commissary, phone and contact visitation. *See Abanfi v. Oubre*, No. 5:12–CV–421, 2013 WL 618539, at * 4 (M.D.Ga. Jan. 25, 2013) ("restrictions placed on telephone, visitation, or commissary privileges . . . do not amount to "dramatic departures" from the ordinary conditions of confinement."); *Johnson v. Brown*, No. 05–0019, 2008 WL 490923 at *4–5 (S.D. Ala. Feb.19, 2008) (the "Constitution does not grant an inmate a right in visitation, store, and telephone privileges.").

However, because Plaintiff has been informed that he may be confined in the challenged conditions for as long as two years and the Complaint also describes other conditions of confinement which may, in some cases, qualify as a significant hardship – i.e., denial of recreation, denial of warm clothing, inadequate provision of food, and inadequate ventilation – the undersigned cannot find that his claims are entirely frivolous. The undersigned will thus allow Plaintiff's due process claims against Defendants Bostick

and Bobbitt to go forward for further factual development.

It is, however, **RECOMMENDED** that Plaintiff's due process claims against Defendants McLaughlin and Blakely be **DISMISSED** without prejudice for failure to state a claim. There are no allegations in the Complaint to suggest that these defendants personally participated in the alleged denial of due process or that a causal connection exists between the actions of these defendants and the alleged constitutional deprivation. *See H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). Though Plaintiff alleges that he filed a grievance regarding the alleged inadequate segregation hearing and McLaughlin responded that Plaintiff could "not grieve administrative segregation Tier II program," the denial of Plaintiff's grievance alone is insufficient to establish liability under § 1983. *See Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007). To the extent that Plaintiff may have also informed Defendants of an alleged denial of due process by letter, the officials' failure to respond affirmatively to Plaintiff's letter would also not, without more, give rise to § 1983 liability. *See Ware v. Owens*, No. CV612–056, 2012 WL 5385208, at * 2 (S.D. Ga. Sept. 28, 2012).

  B. <u>Eighth Amendment Claims</u>

Plaintiff next claims that the conditions of his present confinement violate his rights under the Eighth Amendment. To prevail on an Eighth Amendment conditions of confinement claim, a prisoner must show that his conditions are objectively and sufficiently "serious," or "extreme," so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). In some cases, allegations of a denial of recreation, inadequate ventilation, inadequate

provision of food, and lack of warm clothing will support an Eighth Amendment claim. *See Wilson v. Seiter*, 501 U.S. 294, 303-05 (1991). At this early stage, the undersigned is not able to determine whether this is one of those cases.

Plaintiff's Complaint, however, fails to provide sufficient allegations to hold any one of the supervisory officials named in the complaint liable for this alleged violation. Again, to state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87. This may be done by alleging that the officials either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).

Plaintiff has not made any such allegations here. The Complaint alleges only that Plaintiff filed grievances regarding these conditions and that those grievances were denied by Defendant McLaughlin. *See* Compl. at 9. As stated above, the denial of Plaintiff's grievances alone is insufficient to establish personal participation in the alleged constitutional violation for the purposes of imposing § 1983 liability. *See Larson*, 240 F. App'x at 780. It is accordingly **RECOMMENDED** that Plaintiff's Eighth Amendment claims be **DISMISSED** without prejudice for failure to state a claim.

C. <u>Claim for Denial of Medical / Mental Health Care</u>

In his first Amended Complaint (ECF No. 8), Plaintiff claims that he has been denied adequate medical care. Plaintiff alleges that he submitted a medical "sick call" request on April 19, 2014, asking that he receive treatment for "depression." The request was subsequently denied because Plaintiff had already "been seen for that issue on [April 17, 2014]." First Am. Compl. 2. This allegedly caused Plaintiff to become stressed and confused; and he thus wrote Defendants McLaughlin and Jones to complain.

Even when liberally construed, these allegations fail to state a claim against Defendants McLaughlin or Jones. Once again, Plaintiff fails to allege that either defendant was personally involved in the denial of his sick call request or that there is a causal connection between Defendants' actions and any alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87. Assuming one of these defendants was responsible for the alleged denial of the Plaintiff's sick call request, Plaintiff's Complaint also fails to allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need as is required to state an Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). It is thus **RECOMMENDED** that Plaintiff's Eighth Amendment claim for denial of medical care also be **DISMISSED** without prejudice.

D. <u>First Amendment, Retaliation Claim</u>

In his Second Amended Complaint (ECF No. 9), Plaintiff also attempts to add a claim of retaliation against Defendant Bobbitt. It is well-settled that a prison official may not retaliate against an inmate for engaging in conduct protected by the First Amendment. *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). To state a cognizable retaliation

claim, however, a prisoner must "come forward with more than general attacks" on a prison official's motivations. *Robinson v. Boyd*, No. 5:03CV25, 2005 WL 1278136 at *3 (N.D. Fla. May 26, 2005) (citing *Crawford-El v. Britton*, 523 U.S. 574, 118 S.Ct. 1584, 1598, 140 L.Ed.2d 750 (1998)). The complaint must allege facts that show a causal connection between the prisoner's protected conduct and the prison official's alleged retaliatory action. *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). This may be accomplished by either alleging direct evidence of retaliatory intent or by describing "a chronology of events which may be read as providing some support for an inference of retaliation." *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979).

Here, the Amended Complaint alleges that Defendant Bobbitt conducted Plaintiff's second ninety-day segregation review after Plaintiff filed complaints about his confinement. At this review, Bobbitt allegedly advised Plaintiff that he would not be released from Tier II because a "water bag and broom stick" were found in Plaintiff's room. Plaintiff alleges that he never received a disciplinary report for this alleged infraction. Bobbitt then allegedly recommended that Plaintiff's roommate be released from Tier II even though the "water bag and broom stick" were also found in his room. When liberally construed and viewed in Plaintiff's favor, these allegations may support an inference of retaliation. Plaintiff's retaliation claim will thus be allowed to go forward.

E. <u>First Amendment, Access to the Courts Claim</u>

Plaintiff's Complaint also states, without elaboration, that he has been denied access to the courts in violation of his First Amendment rights. This singular, unsupported conclusory allegation does not state a claim for relief. *See Taylor v. Singletary*, 148 F.3d

11

1276, 1285 (11th Cir. 1998) ("a bare, conclusory allegation . . . is insufficient, without more, to warrant further . . . consideration"). Plaintiff's Complaint fails to explain how he has been denied access to the courts.

Even if the Court were to presume that Plaintiff is alleging a denial of access to the law library while he is confined in administrative segregation, this allegation would also be insufficient to state a claim. To state a claim, a prisoner must show that the defendants' actions actually hindered his efforts to pursue a specific legal claim that challenged either his conviction (directly or collaterally) or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Plaintiff has not alleged any such injury in his Complaint. It is thus **RECOMMENDED** that Plaintiff's First Amendment claim for denial of access to the courts also be **DISMISSED** without prejudice.

F. Equal Protection Claim

Plaintiff similarly alleges that Defendants violated his right to equal protection. The facts necessary to support an equal protection claim, however, are not present in his Complaint. Plaintiff does not allege any fact suggesting that he has received disparate treatment because of a constitutionally protected interest, such as race, gender, or religion, *see Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001), or identify facts sufficient to state a possible "class of one" equal protection claim, *see Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1314 (11th Cir. 2006). It is thus **RECOMMENDED** that any equal protection claims be **DISMISSED** without prejudice for failure to state a claim.

G. Double Jeopardy Claim

Finally, Plaintiff's Complaint alleges that Defendants violated his right against

double jeopardy when they assigned him a more restrictive security classification based on disciplinary offenses for which he has already been punished.  Even if the facts alleged are true, Plaintiff's double jeopardy claim is without merit.  The Double Jeopardy Clause is applicable only to criminal prosecutions and does not apply here.  *Breed v. Jones*, 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975).  *See also, United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (Double Jeopardy Clause does not apply to a prison's administrative determination that disruptive conduct requires transfer to a higher security facility); *Lucero v. Gunter*, 17 F.3d 1347, 1351 (10th Cir. 1994) ("Prison disciplinary hearings are not part of a criminal prosecution and therefore do not implicate double jeopardy concerns.") (citing *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)).  Plaintiff's allegations thus do not state a cognizable double jeopardy claim.  It is therefore **RECOMMENDED** that Plaintiff's double jeopardy claims be **DISMISSED** with prejudice for failure to state a claim.

## CONCLUSION

The undersigned therefore finds that only Plaintiff's due process and retaliation claims against Defendants Bostick and Bobbitt should go forward.  It is **RECOMMENDED** that all other claims and parties, as discussed herein, be **DISMISSED** for failure to state a claim.  Plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

## ORDER OF SERVICE

It is hereby **ORDERED** that service be made on Defendants Bostick and Bobbitt as

to Plaintiff's due process and retaliation claims only. The Defendants shall file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by

mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise

granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless

otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS ORDERED AND DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due

on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

                **SO ORDERED AND RECOMMENDED**, this 2nd day of July, 2014.

                                      /s/ Stephen Hyles
                                      UNITED STATES MAGISTRATE JUDGE