IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NAKITA L. GILYARD, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-185 (MTT) |
| GREGORY McLAUGHLIN, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Recommendation of United States Magistrate Judge Stephen Hyles (Doc. 32) on the Defendants' motion to dismiss (Doc. 24) and the Plaintiff's motion for injunctive relief (Doc. 20) and motions to appoint counsel (Docs. 17; 21). The Magistrate Judge recommends granting the Defendants' motion to dismiss because the Plaintiff failed to exhaust administrative remedies as to the First Amendment retaliation claim and because his Fourteenth Amendment due process claim based on being transferred to the Tier II Administrative Segregation Program ("Tier II program") fails to state a claim. The Magistrate Judge also recommends denying the Plaintiff's motion for injunctive relief and motions to appoint counsel.[1]

The Plaintiff has objected to the Recommendation, and the Defendants have responded. (Docs. 33; 34). Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the Plaintiff's objection and has made a de novo determination of the portions of the

---
[1] The Court agrees these motions should be denied for the reasons stated in the Recommendation.

Recommendation to which the Plaintiff objects. Specifically, the Plaintiff objects to the Magistrate Judge's recommendation to dismiss the Plaintiff's First Amendment retaliation claim and Fourteenth Amendment due process claim. As to the First Amendment claim, the Court agrees the Plaintiff failed to exhaust his administrative remedies for the reasons stated in the Recommendation, and thus the claim should be dismissed. As to the Fourteenth Amendment claim, the Plaintiff reiterates in his objection that his constitutional rights were violated because he was placed in the Tier II program without notice and a proper hearing, and the conditions in the Tier II program impose "atypical and significant hardship" on him.

In dismissing the Plaintiff's Fourteenth Amendment claim, the Magistrate Judge found the Plaintiff failed to allege how the conditions in the Tier II program differed from the "ordinary incidents of prison life" such that the conditions impose "atypical and significant hardship" on him. As discussed in the Recommendation, prisoners generally have no liberty interest in a certain prison classification, and a liberty interest implicating the Fourteenth Amendment only arises in one of two circumstances: (1) the change in conditions is so severe that it exceeds the sentence imposed by the court; or (2) "the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir. 1999) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Plaintiff alleges no facts suggesting the first circumstance is at issue in this case. In the second circumstance, there must be a comparison between the challenged conditions and other "typical" conditions in order to determine whether

the state has created a protected liberty interest.  See *Mathews v. Moss*, 506 F. App'x 981, 984 (11th Cir. 2013) (noting complaint "did not allege any facts showing (or that could be liberally construed to show) that [plaintiff] was confined in harsher conditions than inmates in administrative confinement or close management I status generally").

The Court agrees the Plaintiff failed to state a Fourteenth Amendment due process claim for the reasons stated in the Recommendation.  Specifically, the Court agrees the Plaintiff failed to assert a claim based on his placement in the Tier II program.[2]  See *Chandler v. Baird*, 926 F.2d 1057, 1060 (11th Cir. 1991) (stating that the Due Process Clause does not "create 'an interest in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters'" (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983))).  Further, in his complaint, first amended complaint, and second amended complaint, the Plaintiff did not allege how the conditions in the Tier II program differ from "typical" prison conditions to demonstrate that those conditions impose "atypical and significant hardship" on him. (Docs. 1; 8; 9).  He simply described the challenged conditions and made the conclusory allegation that these conditions impose "atypical and significant hardship."  The Defendants raised this deficiency in their motion to dismiss.  (Doc. 24).  But in his response, the Plaintiff merely alluded to conditions in the general prison population without alleging any facts describing these "typical" conditions.  (Doc. 28).  The Defendants replied to the Plaintiff's response, and the Plaintiff responded again but still failed to include any factual comparison between "typical" prison conditions and his challenged conditions.  (Docs. 29; 30).  Nor did the Plaintiff attempt to amend to allege

---

[2] To the extent the Plaintiff alleges a comparison between the review process for inmates confined in the Tier II program and those confined in general population or other tiers of the administrative segregation program, these allegations are insufficient to show "atypical and significant hardship."

any factual comparison. In other words, at no point did the Plaintiff provide facts demonstrating the conditions in the Tier II program differ from the "ordinary incidents of prison life" such that the conditions impose "atypical and significant hardship" on him.

In his objection to the unfavorable Recommendation, the Plaintiff provides some details about conditions in the prison's general population. The Court construes this portion of the objection as a motion to amend the complaint. *See Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (holding district court should have considered new allegations in objection as motion to amend the complaint). However, given that the Plaintiff had multiple opportunities to address the deficiency of his allegations but failed to do so as described above, the Plaintiff unduly delayed in seeking to amend through his objection. Therefore, to the extent the objection can be construed as a motion to amend, that motion is **DENIED**.

The Court has reviewed the Recommendation, and the Court accepts the findings, conclusions, and recommendations of the Magistrate Judge. Thus, the Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Defendants' motion to dismiss (Doc. 24) is **GRANTED**, and the Plaintiff's motion for injunctive relief (Doc. 20) and motions to appoint counsel (Docs. 17; 21) are **DENIED**. Therefore, the Plaintiff's complaint is **DISMISSED without prejudice**.

**SO ORDERED**, this 9th day of March, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
